IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHELTON LAMONT WOOD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-23-1705 |
| R. SHANE WEBER, Warden, et al., | * | |
| Defendants. | * | |
| | *** | |

# MEMORANDUM

Plaintiff Shelton Lamont Wood, who is self represented, filed a Complaint against multiple defendants, alleging that he received inadequate medical care at Western Correctional Institution ("WCI") in Cumberland, Maryland, where he is incarcerated. ECF 1. Wood also filed a Supplement to the Complaint that contains essentially the same information that he provided in an attachment to the Complaint. ECF 1-1; ECF 5.

In addition, Wood filed a Motion for Leave to Proceed in Forma Pauperis, along with an inmate account information sheet showing the deposits to his account and monthly balances maintained therein. ECF 2; ECF 2-1. As Wood appears to be indigent, the motion will be granted. For the reasons that follow, Wood will be directed to file an amended complaint.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint. The court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).

Wood alleges that on March 29, 2022, he suffered a severe foot injury. ECF 1-1 at 1. He states that he did not see a surgeon until May 23, 2022, and that the delay in medical care caused

him to need "screws and a plate" in his right ankle. ECF 1 at 2-4. He provides details about the difficulties he has experienced in receiving necessary medical care for many months following his injury. ECF 1-1.

In the caption of the Complaint, Wood names as defendants numerous medical providers and also individuals employed by the Maryland Department of Public Safety and Correctional Services. In the body of the Complaint, however, Wood does not present facts indicating what each named defendant did or did not do that caused a violation of his federal constitutional rights. Wood needs to provide information about each individual defendant he names, indicating what actions they took or failed to take, relating to the denial of medical care. For example, instead of stating that the "nurse" or "doctor" did or did not do something, Wood should use the name of the nurse or doctor he has named as a defendant and then describe the action or inaction.

Also, Wood has named a number of individuals who are supervisory personnel. But, he does not state what action they did or did not take in regard to his medical care. Wood is advised that in a lawsuit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff;

(2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

In addition, for defendants Corizon and YesCare, Wood is advised that they are not proper parties unless there are allegations of a custom or policy of constitutional violations by these entities. *Austin v. Paramount Parks*, 195 F.3d 715, 727-28 (4th Cir. 1999). Wood has not provided facts alleging there is a custom or policy by Corizon or YesCare to deny medical treatment for injuries suffered by prisoners.

A complaint drafted by s self-represented plaintiff is held to a less stringent standard than those drafted by attorneys. A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Wood will be provided with an opportunity to file an amended complaint within 28 days of the date of this Order, which includes the necessary allegations regarding his claims, as directed above.

To comply with the Federal Rules of Civil Procedure, the complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy

Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As a reminder, an amended complaint replaces the original complaint filed. The general rule is that "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)); *see Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). Therefore, the amended complaint required by the attached Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must respond.

Wood is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if, while he is incarcerated, he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

An Order follows.

Date: August 1, 2023                                   /s/
                                                       Ellen L. Hollander
                                                       United States District Judge