IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHELTON LAMONT WOOD,

*Plaintiff,*

v.

SANDRA J. BOETTINGER, RN, et al.,

*Defendants.*

Civil Action No. ELH-23-1705

## MEMORANDUM AND ORDER

This is a civil rights action under 42 U.S.C. § 1983, filed by plaintiff Shelton Lamont Wood, a Maryland prisoner, against Sandra Boettinger, RN, and Megan Dubrawsky, RN.[1] ECF 21-1 (Amended Complaint). They are nurses who were formerly employed by YesCare Corp. ECF 21-1 at 1–2; ECF 28-1 at 2–3; ECF 28-2 at 1; ECF 28-3 at 1. In general, plaintiff alleges a denial of medical care following an injury he suffered at Western Correctional Institution. Initially, plaintiff was self-represented. But, as discussed, *infra*, the Court appointed pro bono counsel for plaintiff. ECF 44; ECF 52.

Of relevance here, on February 13, 2023, Tehum Care Services, Inc. ("Tehum"), f/k/a Corizon Health, Inc. ("Corizon"), and now known as YesCare Corp. ("YesCare"), filed a petition for relief in the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court"), titled *In re Tehum Care Services, Inc.* (f/k/a Corizon Health, Inc.), Case No. 23-90086 (CML) ("Bankruptcy Case").[2] The petition was filed under Chapter 11 of the United States Code.

---

[1] Plaintiff also brings claims against unidentified defendants: YesCare Scheduler and YesCare John/Jane Doe. ECF 21-1 at 2.

[2] Corizon completed a divisional merger pursuant to the Texas Business Organizations Code. Among other things, assets were allocated to a successor entity, CHS TX, Inc. d/b/a

*Id.*, ECF 1. By order of March 3, 2025 (*id.*, ECF 2014), the Bankruptcy Court confirmed the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor (the "Plan").

The Plan "incorporated a settlement agreement between Tehum, YesCare and certain of its affiliates [], the Official Committee of Tort Claimants, and the Official Committee of Unsecured Creditors" to resolve causes of action against YesCare and certain of its affiliates ("Settlement"). *Bankruptcy Case*, 2025 WL 2256212, at *1 (Bankr. S.D. Tex. Aug. 7, 2025). The Bankruptcy Court's confirmation of the Plan and Settlement created a personal injury and/or wrongful death trust to enable claimants to obtain recovery. *See id.* The Bankruptcy Court approved voting and solicitation procedures by which personal injury or wrongful death claimants were entitled to receive a ballot and an opt out release form ("Release Form"). *Id.* A claimant who did not opt out of the third-party releases by checking the appropriate box on the Release Form was deemed to consent to the Plan. *Id.*

Under the Plan, channeled claimants participated in the trust and released claims against YesCare and its affiliates, including former employees, such as defendants here. *Id.*; ECF 48 at 3. In exchange, YesCare contributed additional funds to the personal injury and/or wrongful death trust. *Bankruptcy Case*, 2025 WL 2256212, at *1; *id.*, ECF 2014. Additionally, notice was published in the Prison Legal News and the Plan and other materials were made available on public access websites. *Id.*, 2025 WL 2256212, at *2. However, not all claimants received the same materials. *Id.* For example, some claimants received Plan related material but not the Release Form, while others did not receive any Plan related materials. *Id.*

---

YesCare. Liabilities were assumed by Tehum Care Services f/k/a Corizon. *See In re Tehum Care Services, Inc.* (f/k/a Corizon Health, Inc.), Case No. 23-90086 (CML), ECF 185 at 2.

On or about May 15, 2025, in the Bankruptcy Case, YesCare filed an "Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases Against Released Parties" ("Motion to Enjoin"). ECF 48-1. YesCare argued that Wood, among others, did not opt out of the Plan, despite having knowledge and notice of the bankruptcy proceedings. *See id.* at 1–4, 8. Therefore, YesCare maintained that Wood, as a consenting claimant, was enjoined from maintaining suit against defendants. *See id.* at 1–4.

Wood first moved for appointment of counsel on September 1, 2023. ECF 10. I denied his first request for counsel on September 11, 2023. ECF 11. Wood again moved for appointment of counsel on November 18, 2024. ECF 34. On June 2, 2025, while that motion was pending, Wood told the Court that he had received a letter from Bowman and Brooke LLP ("the Firm") regarding the Bankruptcy Case. ECF 37; ECF 37-1. The letter informed Wood that his "lawsuit must be stayed" because the deadline to opt out of the Plan had passed. ECF 37-1. In his correspondence with the Court, Wood wrote that he "need[ed] help" to understand the Firm's letter. ECF 37. Wood also stated, *id.*: "I don't know what to do next."

On June 11, 2025, pursuant to 28 U.S.C. § 1915(e)(1), this Court granted Wood's motion for appointment of counsel. ECF 40. And, I directed the Pro Bono Coordinator to find counsel to represent Wood. But, by July 1, 2025, the Coordinator had been unable to locate anyone to take the case. ECF 44. Aware that the Bankruptcy Court was to hold a hearing as to the Motion to Enjoin on July 2, 2025, the Court appointed interim counsel to represent Wood in regard to the motion hearing in the Bankruptcy Court. *Id.*; *see* Bankruptcy Case, ECF 2266. Patrick A. Thronson, a Maryland attorney who had recently been appointed by another judge to represent another plaintiff in a similar matter, graciously agreed to represent Wood on an interim basis and to appear on Wood's behalf at the hearing on the Motion to Enjoin. ECF 44.

On July 14, 2025, after the Bankruptcy Court held the hearing on the Motion to Enjoin, defendants moved to stay this case until the Bankruptcy Court "issues an Order deciding the Omnibus Motion to Enjoin . . . ." ECF 48 ("Stay Motion") at 1. A copy of the Motion to Enjoin is appended to the Stay Motion. ECF 48-1.

In a ruling of August 7, 2025, the Bankruptcy Court granted in part and denied in part the Motion to Enjoin. *Bankruptcy Case*, 2025 WL 2256212, at *1. Relevant here, the Bankruptcy Court concluded that some claimants, including Wood, "were not served an Opt-Out Release Form" and therefore "are not bound by the consensual third-party releases in the Plan." *Id.* at *3, *4. Wood only received notice by publication. ECF 48-1 at 33. The Bankruptcy Court rejected YesCare's argument that publication notice or other forms of notice unrelated to Plan confirmation could bind claimants such as Wood. *Bankruptcy Case*, 2025 WL 2256212, at *3.

The Bankruptcy Court also said, *id.* at *2:

There are separate questions about whether the third-party releases cover each of the claims and claimants asserted in an underlying litigation. The Court does not have enough evidence in the record to make those determinations. For example, the third-party releases cover current and former employees of Tehum. Objector "Lyles" argued at the hearing on YesCare's motion that a certain doctor defendant was not a Released Party. There was not sufficient evidence in the record to decide this issue.

Soon after that court's ruling, on August 11, 2025, plaintiff's counsel filed an opposition to the Stay Motion. ECF 51. A copy of the Bankruptcy Court's order is appended. ECF 51-1. Plaintiff argues that because the Bankruptcy Court has decided the Motion to Enjoin, defendants' Stay Motion is moot. ECF 51 at 2. Plaintiff also emphasizes the significance of the Bankruptcy Court's decision as to Wood's case. Plaintiff explains that the Bankruptcy Court's order "allow[s]" Wood "to further prosecute this action" because his claim is "not bound by the release." *Id.*

4

Defendants did not reply. And, the time to do so has expired. *See* Local Rule 105.2. But, YesCare has appealed the Bankruptcy Court's ruling that some claimants, including Wood, are not bound by third-party releases. Bankruptcy Case, ECF 2414.

More recently, on August 21, 2025, the Court appointed Justin P. Zuber and Laura Greeves Zois, of the firm Miller & Zois, LLC, as Wood's pro bono counsel. ECF 52; ECF 53. On August 22, 2025, Thronson withdrew as Wood's counsel. ECF 53; ECF 54.

As indicated, defendants framed their Stay Motion as a request to halt this case until the Bankruptcy Court issued a decision on the Motion to Enjoin. ECF 48 at 1. The Bankruptcy Court has now ruled. For claimants such as Wood, who did not receive the Release Form, the Bankruptcy Court did not preclude the claimants from litigating against so called released parties, including former YesCare employees. *See Bankruptcy Case*, 2025 WL 2256212, at *4.

As I see it, the Stay Motion is now moot. On that basis, I shall deny the Stay Motion.

So ORDERED this 2nd day of September, 2025.

/s/
Ellen Lipton Hollander
United States District Judge

5